# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LUTHER GLENN,                                           )
                                                  )        Civil Action No. 06 – 513

                  Petitioner,        )

                                )        Chief Magistrate Judge Lisa Pupo Lenihan

                  v.                  )

                                )

SUPT. JAMES WYNDER; DISTRICT                           )
ATTORNEY FOR THE COUNTY OF                             )
ALLEGHENY; and the ATTORNEY                            )
GENERAL FOR THE STATE OF                               )
PENNSYLVANIA,                                          )
                                )

                  Respondents.

## ORDER

Upon consideration of Petitioner's claims presented in his amended petition for writ of habeas corpus (ECF No. 52), it is hereby **ORDERED** that Respondents shall, within thirty (30) days of the date of this Order, submit a Supplemental Answer specifically addressing the applicability of <u>Martinez v. Ryan</u>, __ U.S. __, 132 S. Ct. 1309 (2012)[1] to Claims 2 (B), 6 (F), 8 (H), and 9 (I) in the amended petition.  Petitioner shall file a Reply to the Supplemental Answer within fourteen (14) days from the date the Supplemental Answer is filed.

    Dated:  July 5, 2012

                                                                _____
                                                                Lisa Pupo Lenihan
                                                                Chief United States Magistrate Judge

---

[1]     In <u>Martinez</u>, the Supreme Court held for the first time that in states like Pennsylvania, where state law requires that claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding, a petitioner may establish "cause" sufficient to overcome a procedural default of a claim if "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)." <u>Martinez</u>, 132 S. Ct. at 1318.